Archie CAPPS, Appellant,

v.

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY and St. Regis Paper Company, Appellees.

No. 20199.

Court of Civil Appeals of Texas, Dallas.

June 27, 1980.

Charles C. Whitener, Dallas, for appellant.

John T. Sears, Gardere, Wynne, Jaffe & DeHay, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

STOREY, Justice.

Plaintiff, Archie Capps, appeals from a take-nothing judgment entered in favor of defendant, American Mutual Liability Insurance Company, contending that the trial court erred in allowing defendant to deduct both worker's compensation and social security disability payments from the amounts payable to plaintiff under its disability insurance policy. We hold that the policy provisions required that both amounts be deducted, and that the court properly allowed defendant also to deduct attorney's fees awarded plaintiff in the worker's compensation case. Affirmed.

Plaintiff was disabled on November 14, 1972, and disability payments under a disability insurance policy furnished by his employer became payable on February 20, 1973. Payments under the policy continued to age sixty-five at the rate of $597 per month. On January 15, 1974, plaintiff elected to receive a lump-sum settlement of $12,500 from his worker's compensation carrier. Included in the lump-sum settlement was $1,500 allowed as attorney's fees. Additionally, during the period when plaintiff was entitled to disability benefits, he received monthly social security benefits. Defendant made disability payments to plaintiff totalling $4,922.77, which represents the net amount after deducting worker's compensation and social security payments made to plaintiff between February 20, 1973, and the date he reached age sixty-five.

Plaintiff first contends that the anti-duplication clause in the insurance policy limited defendant to deduct one of either worker's compensation or social security payments, but not both. Alternatively, he argues that the clause is ambiguous and must be strictly construed against the insurer. The policy provides:

If the insured employee is entitled to disability benefits payable for himself and his family under the Federal Social Security Act or any Workmen's Compensation or Occupational Disease Law, *the amount of monthly indemnity payable under this policy shall be reduced by the total amount payable under Social Security or any Workman's Compensation or Occupational Disease Law.* [Emphasis added.]

The use of the word "or" in this anti-duplication clause does not make the clause ambiguous. Where the context demands, in order to give a provision effect and meaning, we must read the word "or" as disjunctive. *Witherspoon v. Jernigan,* 97 Tex. 98, 76 S.W. 445 (1903); *Young v. Rudd,* 226 S.W.2d 469 (Tex.Civ.App.—Texarkana 1950, writ ref'd n. r. e.). If, on the other hand, we construe the clause in the conjunctive, substituting the word "and," as plaintiff argues, an ambiguity is created because payments would have to be made from all three sources before any deductions could be made. This construction would destroy the plain meaning of the language used,

because the obvious purpose of the anti-duplication clause is to credit the insurer with payments made to the insured under any one or more of the three Acts. The meaning is made even more obvious by the language which states that the policy shall be reduced by "total amounts payable" under any of the Acts. We therefore overrule plaintiff's first point of error.

Plaintiff also contends that it was error for defendant to deduct the $1,500 attorney's fees received by plaintiff's attorney out of the workmen's compensation lump-sum settlement from the gross amount payable to him under defendant's policy. We reject this contention because attorney's fees are a part of an award of compensation, not an addition to it. The statute provides that attorney's fees "be assessed against the interest of those receiving benefits" and are thus made a part of the award. Tex.Rev.Civ.Stat.Ann. art. 8306, § 7c (Vernon Supp.1980). They were, therefore, a part of the "total amounts payable" under the anti-duplication clause and properly deducted.

Finally, plaintiff argues that the trial court erred in calculating defendant's payments to him under the policy from February 20, 1973, to the present because it improperly amortized the $12,500 lump-sum payment from the worker's compensation carrier over this time period. A review of the trial court's findings of fact, wherein the calculations are set out, fails to reveal any error. Plaintiff's contention that the court miscalculated the worker's compensation deductions is premised on his argument that the actual worker's compensation award was $11,000 instead of $12,500 due to erroneous inclusion of attorney's fees. Since we overrule plaintiff's point of error regarding attorney's fees, the court properly amortized the $12,500 award over the entire period in which plaintiff was entitled to disability benefits under the policy. Accordingly, the trial court's judgment is in all things affirmed.

Affirmed.